IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TERENCE TERELL BRYAN,  )<br>  )<br>    Plaintiff  )<br>  )<br>    vs  )<br>  )<br>JOHN DOE, AND SOUTH CAROLINA  )<br>DEPARTMENT OF CORRECTIONS,  )<br>  )<br>    Defendants.  )<br>_____ ) | Civil Action No.: 4:04-cv-1854-TLW-TER<br><br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, Terence Terell Bryan, ("plaintiff/Bryan") is an inmate in the custody of the South Carolina Department of Corrections (SCDC) currently housed at Lee Correctional Institution ("LCI"). Plaintiff, appearing *pro se*, filed his complaint in state court. On June 10, 2004, defendants filed a notice of removal to federal court based on plaintiff's allegations of violations of his constitutional rights.[1]

On December 1, 2004, plaintiff filed a motion for injunctive relief. In this motion, plaintiff requests that he be transferred out of the SCDC system and into the federal system due to the threat of more physical harm. Plaintiff alleges that he has already been assaulted by inmates on the bus from Evans to LCI and that he fears for his life because he is "surrounded by the thirty or so inmates" that he believes wants to harm him.

Defendants filed a response to this motion arguing that plaintiff has not shown or provided

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court.

any credible evidence that he is currently subject to a real and immediate threat of physical harm because the affidavit submitted was conclusory and the other statement was an unsworn statement which only basically stated that everything plaintiff says is true.

Plaintiff did not allege or provide evidence of any actual injury or that he filed a grievance on the matter. To satisfy case or controversy requirement of Article III, plaintiff must show a personal threat of ongoing or future harm, the likelihood that the wrongful behavior will occur or continue, and that the threatened injury is impending. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167, 190 (2000); see also City of Los Angeles v. Lyons, 461 U.S.95, 101-102 (1983) (plaintiff must face real and immediate threat of future injury). The Court in Bloodgood v. Garranghty, 783 F.2d 470 (4th Cir. 1986) held that:

> An injunction is a drastic remedy and will not issue unless there is an imminent threat of illegal action. "Injunction issues to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts,* 282 U.S. 660, 674, 51 S.Ct. 286, 291, 75 L.Ed. 602 (1931). As one circuit court has noted recently, "bare allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur. The movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future." *Wisconsin Gas Co. v. F.E.R.C.,* 758 F.2d 669, 674 (D.C.Cir.1985).

Bloodgood, 783 F.2d at 475.

A review of the plaintiff's motion reveals that he alleges he had been assaulted and battered by other inmates on the bus transporting him from ECI to LCI but did not allege any actual injury or provide evidence of injury. Plaintiff states that he is in fear that he will be attacked again by the inmates.

Additionally, Section 1983 by its terms confers authority to grant equitable relief as well as

damages, but it permits suit in equity only when that is proper proceeding for redress. Plaintiff must show real and immediate threat of injury. See <u>Los Angeles v. Lyons</u>, 461 U.S. 95 (1983). Moreover, principles of federalism limit the scope of federal court's power to intervene in internal operations of state and local agencies. <u>Rizzo v. Goode</u>, 423 U.S. 362, 378-80 (1976); <u>Taylor v. Freeman</u>, 34 F.3d 266, 269 (4th Cir. 1994).

Additionally, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Importantly, the plaintiff has not shown that he is currently subject to a real and <u>immediate</u> threat of harm. See <u>Los Angeles v. Lyons</u>, 461 U.S. 95 (1983).

Based on the above, the undersigned finds that plaintiff's motion for injunctive relief (document # 17) to be moved out of the SCDC into the federal system should be denied because he has failed to show he is entitled to such relief as a matter of law.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 14, 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**